IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV378-1-W
3:07CR57-W

| RICK CONYERS, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** comes before the Court upon the Petitioner's Motion to Correct Sentence, filed August 17, 2007.

Petitioner asserts in the present Motion that he received ineffective assistance of counsel at his revocation proceeding. Because Petitioner is attacking the validity of his sentence by asserting an ineffective assistance of counsel claim, this Court will treat his motion as Motion to Vacate, Correct, or Set Aside pursuant to 28 U.S.C. § 2255.[1] A review of the record, however, reveals that Petitioner has directly appealed his sentence to the United States Court of Appeals for the Fourth Circuit (case no. 07-4683). As Petitioner's appeal is still pending, a Motion to Vacate is premature. No notice of this conversion is required because this re-characterization will not have an adverse impact on Petitioner. See United States v. Emmanuel, 288 F.3d 644, 650 (4th Cir. 2002).

---

[1] Claims of ineffective assistance of counsel are typically properly brought in Motions to Vacate, Set Aside, or Correct Sentence. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Correct Sentence which is construed as a Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED** without prejudice as premature.

Signed: September 6, 2007

Frank D. Whitney
United States District Judge